Your honors, good morning. May it please the court. My name is William Hooks. I'm appearing today on behalf of Ronnie Smith. I would like to reserve one minute for rebuttal. You may. Thank you, your honor. The question of Mr. Smith's Indian status was a jurisdictional element under the Major Crimes Act, Section 1153. That was an element that the government had to prove beyond a reasonable doubt, and if it failed to do so, there was no federal crime under 1153. The court in this case properly identified the appropriate test as being articulated in United States v. Bruce. The government's response is that Bruce doesn't apply. I think for the reasons discussed in our reply brief, there's no issue of retroactivity here. So Bruce clearly applies. Well, let me ask you this question, counsel. Are you saying that there's a preliminary hearing and proof before the case even begins in order to establish that the defendant is an Indian, or is that not an element of the crime that has to be proved? That's an element of the crime that would have to be proved, your honor. So when does the district court decide it doesn't have jurisdiction? Well, that could be an element based on the proof at trial, and so in the normal course of events the defendant could move for Rule 29 relief if counsel felt that the evidence was not sufficient. So it's an element of subject matter jurisdiction that can be raised at any time, and if you feel the evidence isn't sufficient, then the court loses jurisdiction? That is correct, your honor. It could be raised at any time at trial and also in a 2255 motion as it was done in this case. All right. The court, again ---- But just to make clear, your argument isn't limited to jurisdiction. It also presumably goes to whether it's jurisdictional or not, an element of the crime hasn't been proved. That is correct, your honor. All right. The court applied the Bruce test, or at least articulated that standard, but did not properly apply that test to determine the jurisdictional issue. Notably, in this case, the movant, Mr. Smith, supplied additional information, a letter from a tribal official that would reflect that Mr. Smith did not have the requisite quantum of Indian blood that would be necessary in order for a determination to be made that he was, in fact, an Indian under 1153. When was that presented? That was presented as an addendum to his 2255 motion. It was not presented during trial. So let's ---- the government argues under Teague that there is a retroactivity problem. I understand you disagree with that. We do. All right. If we were to agree with you and conclude that on the trial, as it was held at the time, that the proof would have been sufficient or appeared to be sufficient at the time, but in light of the clarification of the other cases, admittedly, one of which came up on a ---- while the case had not completed its trek through the Ninth Circuit, what would be the remedy in this case? In other words, we conclude that the cases do apply and something more than what the government presented were necessary. What would be the remedy outright? And assume we don't agree with the ---- you don't have to ---- you're not conceding anything. I'm just trying to ---- Okay. Assuming we agree with you, however, that the government had to prove more than it did, is the remedy in this case a remand for a new trial? Your Honor, I think that if I understand your question correctly, even if you don't agree that it's a jurisdictional issue, but that the government had not adequately proven the element of Indian status, then I think that the remedy would be vacation of the conviction and discharge of Mr. Smith for the simple reason that the government hadn't proved every element of the offense charged. But an option would be retrial. In other words, if our conclusion was that the parties proceeded on the original trial and what they assumed the law to be at the time, which seems to be underlying your ineffective assistance of counsel claims, because counsel didn't raise these issues. Correct. So I know there are a lot of hurdles to get over, but if we were to evaluate the case on the basis that it was tried on what the parties assumed and the court assumed was the law at the time and found sufficient, now in light of later clarification of the substantive elements of the status of being an Indian, we agree with you, would it not be appropriate to send it back for a retrial so that the case could be tried under the proper standards for determining whether or not Mr. Smith was indeed an Indian? I think, Your Honor, in response, my primary argument is that the government gets one bite of the apple. And having failed to prove the Indian status by proof beyond a reasonable doubt, they would not be entitled to another option. And is that based on a case or that's just what you feel the equities of the circumstances are? 2255 does give the court the option, various options, as far as remedy goes. I appreciate that. I think under 2255, if it's a jurisdictional issue, the court may vacate and discharge. If I'm tracking correctly, if it's not a jurisdictional issue that the court resolves, then I think under 2255 the court would have, I guess, the authority or the option of fashioning a remedy, as Your Honor suggests. And your argument as to why we shouldn't opt for that is what? I think it would be based on equities. I think it would be based on the fact that the case is not a new case. The government, again, has had the one shot at proving the case. And under the Bruce standard, which may not have been formally filed prior to trial, but our argument is that Bruce did not fashion any new law, did not plow any new ground. It simply adopted case law that was in effect long before Mr. Smith went to trial in this case, and so there's no new law that the district court and council were unaware of at the time. Okay. Counsel, if I can ask you a question, please. It's Judge Gould here. Did the trial judge instruct the jury that they had to determine that Mr. Smith was an Indian? Judge Gould, the trial court did instruct the jury that they had to find that Mr. Smith was an Indian, but the court did not give any instruction, nor was any offered by defense counsel, as to any articulation, any standards, any considerations that the jury might use in determining whether the government had met its burden of proof. So if we determine that there was insufficient evidence to satisfy the Bruce standard, is that a situation where double jeopardy would bar a later prosecution, or could we remand for the case to be retried on the lines that Judge Fisher outlined? Judge Gould, I guess my response would be I believe primarily that the government had one shot at proving this case beyond a reasonable doubt. With regard to that element having failed to do so, the government should not get another bite. I understood you saying that as a matter of a policy argument, but what I'm asking is if you've reviewed these precedents, whether the double jeopardy clause is a barrier to re-prosecution, or whether it's established conversely that if it was a jurisdictional failure that we note on a 2255 motion that double jeopardy is not a bar. Judge Gould, I have no authority to cite to you regarding a double jeopardy bar as it would apply here with the 2255. So under the court's authority as set forth in 2255, it would seem that the court could remand for a new trial, and I have no authority by which I could argue the double jeopardy would bar that as a remedy. Okay. Thank you. If there are no further questions, I'd like to reserve my time for rebuttal. Thank you, Your Honors. Good morning. Good morning. May it please the Court, my name is Laura Weiss, and I represent the United States in this appeal, and I'd like to get directly to the question that you first asked about jurisdiction. And I'd like to emphasize the distinction between subject matter jurisdiction in this case and proof at trial, that is, jurisdiction as part of an element in proving Indian person status. In the case Pemberton, Pemberton argued that the district court lacked jurisdiction because of insufficient evidence to establish his Indian person status under 1153. And the court held that a dispute over his status as an Indian or non-Indian, while relevant to proof at trial, that is, the Indian person element in charging the offense, did not deprive the district court of jurisdiction, because subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. 3231. And so I'd like to get directly to the question, which I think is the most – seems to be the most pressing in this appeal, and that is the question of whether or not – whether or not that element was satisfied at trial. And the appellant argued that the government had one bite at the apple, and that is absolutely – in arguing that the government had one bite at the apple, the government satisfied its burden in proving that element. And they did so because Bruce had not come out yet. And so when we're looking at whether or not that was satisfied, we look to the law at the time of the trial. So the trial occurred in 2004. The applicable test for Indian person status in 2004 is the Rogers test that was codified in this circuit in the Keys case in 1996. And under that test, applicable at the time of trial, there are two prongs. The first is Indian blood, and the second is whether – whether there was tribal or government recognition of Indian person status. And so when we look to the evidence as to whether or not – as to whether or not that Indian person status was satisfied, the answer is yes. Evidence was offered at trial under the first prong that the defendant, vis-à-vis an exhibit presented called the Certificate of Indian Blood, that the defendant had – let's see if I can get this right – approximately 19.5 percent Assiniboine and Sioux blood. So the first prong under the test, applicable at the time, has been satisfied. So we next move to the second prong of the test, which is tribal or government recognition as an Indian person. And so exhibits provided at trial and testimony provided at trial indicate that the defendant was enrolled as an associate member of the tribe. Both prongs of the applicable test apply. And so the second issue that I would like to raise relates to two of the issues that are certified for appeal, ineffective assistance of counsel claims. And I think it's useful and particularly germane to anchor the discussion in the standard applicable to ineffective assistance of counsel claims. Counsel, if I could ask you to depart from that pattern of argument for just a moment and go back to the point you just made on the tribal recognition to cover an issue that I've wondered about. As I understand it, he was enrolled as an associate member of the tribe for a period of time, for a number of years. But then when he was around 23 or something, he withdrew from that or he gave it up. My question, I guess, is whether when we look at the test under Bruce, at the factor of tribal recognition, or we can look at it under the earlier precedent, like when we look at that issue, what's the significance of a prior or past tribal membership? If someone is in a tribe but then they withdraw or quit, can you still use that as evidence the tribe had in the past recognized him? Or is it just off the table if he's not a member at time of trial? Also, I wondered if the record showed any reason as to why he withdrew from the associate membership. It could be he withdrew because he discovered he really wasn't an Indian in his heart, or it could be he withdrew because he had to pay dues or something and he had a budget. I mean, I have no idea. That's a question that I had this week, and I went back to the record, and there was no indication in the record as to why he did withdraw his associate membership status. Okay. So let's not speculate on that then, but let's just, in terms of the first question I asked, is there any precedent that tells us whether tribal recognition element can be satisfied by evidence of a past membership? Your Honor, I would say that the answer to that is yes, both under the test applicable at the time of trial and under Bruce. So the language of that standard under the second prong is it was originally in the Rogers test, which is the language is solely tribal or governmental recognition as an Indian person. And so enrollment, either under that test or under Bruce, even if we go a year after trial and say Bruce applies to our analysis, the voluntary relinquishment of an individual's status as an associate member does not negate the fact that the defendant had been recognized as an associate member as captured in his certificate of Indian blood. And that evidence was presented at trial, and it's in excerpts of the record, page 50, I believe, indicating that he was, in fact, confirming that he was an associate member as reflected in that certificate. And so to summarize, to answer your question, the answer is yes. Either under Bruce, that subfactor, his status as an associate member counts, or under the second prong as the test was at the time of trial, his associate membership status does satisfy that second prong, which is tribal or governmental recognition as an Indian person. Okay. Thank you. You're welcome. I'd like to go briefly back to the ineffective assistance of counsel claims. Counsel, I think we have ineffective. What's troubling in this case, and it seems to be underpinning, is that as you've presented it and we were talking with the defendant's counsel, is that it was tried under one set of circumstances, as you've emphasized, but the law has clearly changed. Okay. So then the question is, at this stage, do we, if we agree with all that and say that if the current state of the law is what should have governed the trial, and I understand you have a Teague argument, but assuming we don't deny retroactivity here, is the appropriate remedy to remand for retrial or simply, as counsel argues, say, look, you had your chance to prove everything you had about his being an Indian and you got one bite at the apple and that's the, you know, it's over with? Your Honor, if the direction of the court, of this court, is that Indian person status should have been determined vis-a-vis Bruce and Cruz, it's the government's position that it should be remanded for analysis, for a jury to determine under those factors, to have a jury instruction, which we now know from Cruz should be part of a jury instruction, those four sub-factors. Okay. Counsel, I thought I understood your argument a few minutes ago to be that even under the Bruce test, that there's adequate recognition from the prior enrollment so that the evidence, even if they didn't have a jury instruction on it, that the evidence was sufficient to show he was an Indian person. Absolutely. No, I think my question assumed that we'd apply, and you picked up on it, assume not only Bruce but Cruz, which then said it isn't enough just to be enrolled, you have to have taken advantage of the benefits. Absolutely. And Cruz, in fact, really solidifies, and there's a statement in MAGI that indicates that Cruz is the case that really determined, and this was in 2009, really determined that the Bruce factors apply not only to Bruce, which only addressed an 1152 claim, but also to Cruz. Cruz was in the 1153 context. And so it really wasn't until 2009 that there was any indication that a jury instruction should be offered regarding both the subfactors under Bruce, which applied to 1152 case, as well as the fact that a jury should consider them in declining order of importance. But, Judge Gould, to answer your question just briefly, if we are looking at the facts under Bruce, and it is the government's position that the test at the time would have been Keys and Rogers, but if the Court chooses to look at the evidence under Bruce, there is still sufficient evidence under those four subprongs to satisfy any in-person status. Okay. Thank you. You're welcome. It's confusing. Counsel. Thank you, Your Honor. I'd like to take just a moment to talk about one point, Judge Gould, that you raised, and that is the significance of the withdrawal of membership as an enrolled member of the tribe. This Court in Madgee said that the requirement of tribal and government recognition filters out individuals who may have an Indian ancestral connection, but do not possess sufficient current social and practical connections to a federally recognized tribe. And they are paraphrasing Bruce and a prior decision going back to 1988 in that regard. So the significance of his resignation of his membership as an enrolled member of the tribe is that at the time of trial, he was not an Indian. He did not have any enrollment, and if he was not an Indian under 1153, there is no federal crime. So he could have been actively, you know, availing himself of health services, but then stopped, and that would cancel out, for all purposes, his Indian status. That would be correct, Your Honor. He wouldn't satisfy that second part of the Bruce test. Okay. All right. Thank you. Now, does the Jackson, in this context, does the Jackson versus Virginia standard, does it apply? Do we have to say could any rational jury determine he had Indian status within the meaning of Bruce beyond a reasonable doubt? Or is it something different because the case wasn't really tried on those lines? Your Honor, I think that if it were on direct appeal, Jackson would apply, but I think a different standard applies here because it's a 2255 motion, and the judge interpreting Bruce had available to the court the additional information regarding the exhibit that calls into question whether he had the requisite quantum of Indian blood to begin with. So I think we don't apply the Jackson standard in this context. Okay. Thank you. All right, counsel, thank you. Thank you. Appreciate the argument. All right. The case is submitted.
judges: Fisher, Gould, Paez